T. Jason Wood, Esq.
Idaho State Bar No. 5016
WOOD LAW GROUP, PC
1488 Midway Avenue
Idaho Falls, ID  83406
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: jason@woodlaw.net
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TONY A. IRVINE,<br><br>　　Plaintiff,<br><br>v.<br><br>DUSTIN COOK, the CITY OF IDAHO FALLS, and JOHN DOES I - X,<br><br>　　Defendants. | Case No. 4:22-cv-00218-BLW<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff TONY A. IRVINE, for cause of action against the above-named defendants, allege as follows:

　　1.　　This is an action for money damages and declaratory relief arising under 42 U.S.C. §1983, for the defendants' violations of the Fourth and Fourteenth Amendments to the United States Constitution, and under Idaho law.

　　2.　　This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §§1343(a)(3), 1343(a)(4), and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b).

4. Plaintiff is, and at all times material hereto was, a resident of Idaho Falls, Bonneville County, Idaho.

5. Defendant City of Idaho Falls is, and at all times material hereto was, a political subdivision of the State of Idaho acting pursuant to its official, established policies, procedures, and practices, and under color of Idaho law.

6. Defendant Dustin Cook is, and at all times material hereto, was employed as a police officer for the City of Idaho Falls.

7. Defendants John Doe Police Officers I through X are duly appointed officials, officers, agents, and/or employees of the City of Idaho Falls who had final policy-making authority for the City of Idaho Falls regarding matters of law enforcement, who were delegated such authority by the City of Idaho Falls or by defendant Cook, and/or who participated in the unlawful arrest of and/or use of force against Plaintiff Tony A. Irvine.

8. Plaintiff does not know the true names or identities of the defendants named herein as John Does I through X and therefore prays leave to amend this Complaint to substitute their names herein when their identities are ascertained.

9. On or about July 14, 2020, Plaintiff was involved in an exchange with another individual in a parking lot near the Longhorn Steakhouse in Idaho Falls, 500 South Utah Avenue, in Idaho Falls, Idaho, during which exchange the other individual battered Plaintiff with a baseball bat.

10. In order to escape the violent situation Plaintiff mounted his bicycle and began slowly to ride away.

11. When the defendants arrived at the scene in response to a call that someone was swinging a baseball bat at others, they observed the man in the parking lot wielding a baseball bat and Plaintiff slowly pedaling away.

12. Possessing no more information than that, Cook chased Plaintiff down and immediately seized him by violently tackling, pushing and/or smashing him from his bike to the ground, causing Plaintiff severe injuries that required two surgeries to repair. Attached hereto is a true and correct copy of Cook's ownn case report of the incident.

13. Cook possessed no probable cause nor any reasonable suspicion based upon any articulable facts that Plaintiff was or had been engaged in the commission of any crime.

14. Plaintiff was not cited for nor charged with any crime.

15. The force used by the defendants in seizing Plaintiff was unnecessary, unreasonable, and excessive.

16. The defendants' conduct as described above was performed under color of state law in violation of Plaintiff's clearly established rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and by Idaho law.

17. The violations of Plaintiff's constitutional rights described above were proximately caused by the defendants the City of Idaho Falls' adoption, implementation, and/or enforcement of an official policy not to properly train, control, and/or supervise their officers appropriately, which permitted its officers to seize suspects without reasonable suspicion or probable cause without a warrant, and/or by their ratification of the constitutional violations or delegation of authority to subordinates who caused the violations.

18.     As a direct and proximate result of the defendants' unlawful conduct as alleged above, Plaintiff has incurred special damages in the form of tens of thousands of dollars in past and future medical and related expenses for treatment of his physical, mental and emotional injuries, in such amounts to be proven at trial, as well as lost wages and reduced income-earning capacity.

19.     As a direct and proximate result of the defendants' unlawful conduct as alleged above, Plaintiff has also suffered severe and irreparable physical, mental, and emotional injuries and impairments, pain, suffering, distress, anguish, embarrassment, and humiliation, in amounts to be proven at trial.

20.     The defendants' unlawful misconduct as alleged above was malicious, wanton, oppressive, and/or in reckless disregard of Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of punitive damages under 42 U.S.C. §1983.

21.     The defendants' unlawful misconduct as alleged above was oppressive, fraudulent, malicious or outrageous within the meaning of Idaho Code § 6-1604.

22.     The defendants' unlawful misconduct as alleged above was oppressive, fraudulent, malicious or outrageous within the meaning of Idaho Code § 6-1604.

23.     Plaintiff is entitled to recover his reasonable attorney fees incurred in this matter pursuant to 28 U.S.C. §1988.

24.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for the following judgment and relief against the defendants, jointly and severally, as follows:

1.      For a judicial declaration that the defendants' acts, omissions, and policies were in violation of Plaintiff's rights secured by the United States Constitution as alleged above.

      2.      For an award of special damages as alleged above, in such amounts to be proven at trial.

      3.      For an award of general damages as alleged above, in such amounts to be proven at trial.

      4.      For an award of punitive damages in such amounts to be proven at trial.

      5.      For an award of Plaintiff's reasonable attorney fees.

      6.      For costs incurred in prosecuting this action.

      7.      For such further relief in Plaintiff's favor as this Court deems equitable and just.

DATED this 28th day of May, 2022.

                        WOOD LAW GROUP, PC

                        By:  /s/_____
                               T. Jason Wood, Esq.